UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
WILLIE FOSTER                                               Case No. 06-48517
                 Debtor,                         Chapter 13
_____/

## OPINION DENYING DEBTOR'S MOTION TO REINSTATE THE AUTOMATIC STAY

Following this Court's order of December 13, 2006, terminating the automatic stay with regard to the property at 14883 Stahelin, Detroit, Michigan 48223, on February 12, 2007, the Debtor filed a motion requesting this Court to reinstate that stay.

## Facts

The Debtor and Homecomings Financial Network, Inc. ("Creditor") had stipulated to the entry of an order on October 6, 2006, which provided in part that the Debtor was to maintain hazard insurance on the Stahelin property and provide proof of such insurance to Homecomings within 30 days. That stipulation resolved Creditor's September 1, 2006, objection to confirmation of the plan based in part on its request that Debtor "obtain and maintain adequate insurance coverage . . . and provide proof of insurance" to Creditor. That stipulation also provided that subsequent to the Creditor's filing of an affidavit of default, the Debtor had yet another 21 days to cure the default.

The Debtor did not acquire hazard insurance within the initially stipulated 30 days (i.e. on or about November 6, 2006). Debtor's plan was then confirmed on November 13, 2006, pursuant to an order which among other things states "IT IS FURTHER ORDERED that the debtor(s) shall maintain all policies of insurance on all property of the debtor(s) and this estate as required by law and contract." The Debtor did not provide insurance proof within the 21 days following the filing

1

and serving on November 22, 2006 of an affidavit of default. Consequently, this Court entered the December 13, 2006, order granting Homecomings' relief from the automatic stay.

At an evidentiary hearing on March 20, 2007, the Debtor's daughter (who apparently resides at the Stahelin property) stated that she believed there had been hazard insurance on the property. No other evidence was presented to support this claim, and the Debtor did not testify at that hearing. The Debtor is the owner of the Stahelin property and the obligor on the mortgage[1] involved. He himself, however, lives elsewhere ie: at 601 Boston, Detroit, Michigan, which he apparently also owns. The daughter was apparently under the impression that incident to the mortgage (a refinancing she recalls as having been effected in 2005) the Stahelin property was then insured and continued to be so; this is based, at least in part, on her recollection of there having been insurance for one year put into effect at the time of a 2005 mortgage closing. The mortgage documents attached to the proof of claim of Homecomings show the mortgage was in fact executed in May 2004. The daughter stated that after the mortgage closing she made the payments on the mortgage, and that notices, etcetera from the Creditor came to the Stahelin address. The Debtor did not in fact acquire hazard insurance on the Stahelin property until January 24, 2007 – over one month after entry of the order lifting the automatic stay.

---

[1] The mortgage purports to cover the Stahelin property; however, the recorded document attached to Homecomings' proof of claim, states that it covers the property described in Exhibit A attached to that mortgage. That exhibit describes the covered property as "land in the City of Detroit, County of Wayne, State of Michigan, described as Lot 30 McLaughlin and Owens Subdivision, recorded in Liber 18, page 28 of plats, Wayne County records; 601 Boston, Tax ID No. 002698 Ward 3." If the indicated lot # and the tax ID number also reference the 601 Boston property (and not the Stahelin property) that dichotomy could present other problems to Homecomings.

**Discussion**

Debtor's Motion is for "reinstatement" of the automatic stay. Neither the Federal Bankruptcy Rules nor the local bankruptcy rules provide or articulate a procedure for a "reinstatement" of a previously granted lift of stay. The reinstatement motion will therefore be treated as either a motion under L.B.R. 9024-1or a motion for relief from a final judgment under Fed. R. Civ. P. 60.

In *In re Bonds*, 1987 U.S. App. LEXIS 2819 at *3 (6th Cir. March 3, 1987), the Sixth Circuit affirmed the reinstatement of the automatic stay based on equitable powers and Fed. R. Civ. P. 60. Those who seek equity must do equity. *Weeks v. Scott*, 849 F.2d 1474 at *3 (6th Cir. 1988). Equity does not create substantive rights or privileges. *Demattaeis v. Case Western Reserve Univ. (In re Demattaeis)*, 97 Fed. Appx. 6 at 10 (6th Cir. 2004). Fed. R. Civ. P. 60(b), made applicable to bankruptcy cases through F.R. Bankr. P. 9024, allows for relief from a final judgement for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(6), gives the court authority to grant relief only under "exceptional or extraordinary circumstances." *United States v. Pauley*, 321 F.3d 578, 581-582 (6th Cir. 2003). Motions for rehearing or reconsideration under L.B.R. 9024-1 must present a new issue for the Court to consider and must be filed within 10 days after entry of the order involved - which in this case is the lift of stay order dated December 13, 2006. L.B.R. 9024-1.

As to Fed R. Civ. P. 60(b), there has been no allegation of newly discovered evidence, fraud, satisfaction, or that the judgement is void or satisfied. The remaining possible justifications for

3

reinstatement in this situation are thus subsections (1) and (6). An argument for inadvertence, surprise or excusable neglect is untenable. The lack of insurance or proof thereof was first called to Debtor's attention in September 2006; Debtor thereafter stipulated to entry of an order in October 2006, requiring production of the insurance in 30 days; the stipulation gave Debtor another 21 days after that 30 day period to cure the default; the Debtor's confirmed plan then contained a provision requiring maintenance and proof of insurance; still Debtor failed to obtain the required insurance, and failed to do so apparently until over one month after the entry of the order lifting the stay because of those prior defaults and failures, and, approximately five (5) months after the matter was first called to the Debtor's attention. The matter of the insurance was the Debtor's, not the daughter's responsibility. If he delegated that responsibility to her, he is bound by any failures on her part. The recited facts belie the existence of inadvertence, surprise, or excusable neglect. As to "mistake" what is asserted as such is the daughter's (not the Debtor's) belief the required insurance was in effect. While she possibly honestly may have believed that, it was not a reasonably based belief given the recited history of the proceedings and the unavailed of opportunities to cure and an apparent failure to make reasonable inquiries that the recited history demanded as well as the fact such belief was not attributable to actions or statements of, or by, anyone else, particularly the Creditor. That is not the kind of "mistake" the rule contemplates, and by the same token if it was a mistake or neglect, it was not excusable. Nor can the recited facts and circumstances be fairly characterized as exceptional or extraordinary.

As to basing the Motion on L.B.R. 9024-1, as noted, the recited facts do not support a conclusion that the required grounds exist. No new issues exist and Debtor cannot reasonably argue that he has been misled by either the Court or the Creditor. Nor is there any procedural defect in the

4

entry of the order lifting the stay. Finally, the Motion for Reinstatement of the Stay was filed more than 10 days after the entry of the order lifting the stay.

## Conclusion

There is no legal or equitable basis upon which this Court can grant the relief sought by the Debtor. Accordingly, the Debtor's motion to reinstate the automatic stay is denied.

**Signed on May 24, 2007**

               **/s/ Walter Shapero**
            **Walter Shapero**
            **United States Bankruptcy Judge**